ELIZABETH C. BRUSH ET AL., EXECUTORS, ETC., v. GEORGE
L. BEECHER AND LUTHER S. TROWBRIDGE, SUR-
VIVING ADMINISTRATORS OF THE ESTATE
OF LUTHER BEECHER, DECEASED.

*Landlord and tenant—Liability for rent—Validity of lease.*

Where, pending a suit to recover rent, the lessee dies, and on the
trial it appears that, after the lessee had entered upon a second
term provided for in the lease, the lessor, under a provision
giving him that right, sought to terminate the lease, but, on
the claim of the lessee that he had entered upon another term,
acquiesced in his continued possession of the leased premises,
for which use and occupation the suit was brought, the court
will not inquire into the validity of the lease, which is claimed
by the administrators to be void, and to have been terminated
by its terms before the commencement of the use and occupa-
tion sued for, but will leave that question to be settled on the
hearing in probate court of a contingent claim filed against
the estate, based upon such lease.

Error to Wayne. (Hosmer, J.) Argued December 15,
1893. Decided December 22, 1893.

*Assumpsit.* Defendants bring error. Affirmed. The
facts are stated in the opinion.

*Henry M. Cheever* (*Alfred Russell*, of counsel), for appel-
lants.

*F. A. Baker,* for plaintiffs.

GRANT, J. The declaration in this case contained the
usual counts for use and occupation, but did not in terms
count upon the leases hereinafter mentioned. Three leases
were introduced in evidence,—the first dated June 22, 1848;
the second, April 2, 1849; the third, November 12, 1872.
They contained peculiar provisions, which it would be

important to state fully if the record were in condition to determine the questions raised upon them. The suit was instituted for the rent for one year, from July 1, 1891, to July 1, 1892. Mr. Beecher was then living, but died during the pendency of the suit, which was revived against his administrators. At the end of the first five years, and at the end of each succeeding term of five years, the lessor had the power to terminate the lease, and take the improvements, at a valuation to be fixed by appraisers. The leases were renewed for several terms. In July, 1883, the plaintiffs notified Mr. Beecher that they desired to terminate the lease, the preceding term of five years having expired July 1. Mr. Beecher declined to surrender possession, claiming that a new term had already commenced. Plaintiffs acquiesced in his demand, and he continued in possession at his own wish, and by their acquiescence, until his death. For several years prior to July 1, 1891, he had paid an annual rental of $1,500.

It does not appear that Mr. Beecher had shown any desire or taken any steps to terminate the lease. So long as he was in the occupation and use of the premises from his own choice he was under obligation to pay the rent. He chose to remain in possession without objection. The plaintiffs chose to recognize him as their tenant. The relation of landlord and tenant therefore existed, and, while Mr. Beecher so remained in the use and enjoyment of the premises, he was bound by its terms.

It is claimed by the defendants that these leases were void for want of mutuality, and for want of certainty as to their duration; that they were contrary to the rule of perpetuities; and that they were terminated by the failure of the lessee to pay the rent after July 1, 1891. Able arguments are made, and many authorities cited, in support of this contention. These questions are not argued by the counsel for the plaintiffs, because he insists that they are

not properly involved in the issue presented by the pleadings. Defendants' counsel ask a determination of these questions, because it is important to the estate that they be early determined, since a contingent claim is presented against the estate of Mr. Beecher. Should the questions raised be determined in favor of the defendants, still, for the reasons above given, the judgment in this case must be affirmed. It follows that the proper time and place for their presentation and determination are in the probate court, where the contingent claim is made.

The court, therefore, properly directed a verdict for the plaintiffs, and the judgment is affirmed.

The other Justices concurred.